IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, as trustee, as successor in interest to U.S. BANK NATIONAL ASSOCIATION, successor trustee to LASALLE BANK NATIONAL ASSOCIATION, on behalf of the holders of BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-HE6, ASSET BACKED CERTIFICATES SERIES 2006-HE6,<br><br>Plaintiff,<br><br>V.<br><br>JOSEPH TUNZI, VINCENT TUNZI, JR., and JENNIFER JO FERRELL,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § | No. 3:23-cv-2619-L-BN |

## MEMORANDUM OPINION AND ORDER

Plaintiff U.S. Bank Trust Company National Association, as trustee, as successor in interest to U.S. Bank National Association, successor trustee to Lasalle Bank National Association, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2006-HE6, Asset Backed Certificates Series 2006-HE6 ("U.S. Bank") filed a motion for substituted service of process on Defendant Jennifer Jo Ferrell. *See* Dkt. No. 12.

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 6.

-1-

## Background

This case concerns a mortgage and foreclosure. *See* Dtk. No. 1 at 4-5. U.S. Bank alleges Decedent Vincent Tunzi, Sr. executed a promissory note and deed of trust on the property 1853 Oakhill Circle, Dallas, Texas 75217. *See id.* at 2, 4-5. U.S. Bank states that the loan went into default and the default has not been cured. *See id.* at 6-7. U.S. Bank brings this suit for declaratory judgment, enforcement of statutory probate lien, non-judicial foreclosure, and judicial foreclosure against Decedent Vincent Tunzi, Sr.'s alleged children and heirs – Joseph Tunzi, Vincent Tunzi, Jr., and Jennifer Jo Ferrell. *See id.* at 2, 7-9.

## Legal Standard

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and U.S. Bank seeks to effect service in Texas.

Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
> > (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
> > (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
> (b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named

>  in the statement but has not been successful, the court may authorize service:
>  (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>  (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.'

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23,

-3-

2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

**Analysis**

U.S. Bank alleges that it has attempted to serve Defendant Jennifer Jo Ferrell but has not been able to effect service in person. U.S. Bank has successfully served the other defendants in this case. *See* Dkt. No. 8; Dkt. No. 15.

In support of its motion, U.S. Bank has submitted an affidavit from a process server Roy Smith. *See* Dkt. No. 12-1. Smith alleges the following:

- He attempted to serve Ferrell at 5827 Windsong Drive, Tooele, UT 84074 on December 1, 2023, but there was no answer at the door. *See* Dkt. No. 12-1 at 3.

- He attempted to serve Ferrell at 5827 Windsong Drive, Tooele, UT 84074 on December 11, 2023, but there was no answer at the door, and it appeared as if no one was home. *See id.*

- He attempted service at 5827 Windsong Drive, Tooele, UT 84074 on December 13, 2023, but there was no answer at the door. *See id.*

- He attempted service at 5827 Windsong Drive, Tooele, UT 84074 on December 16, 2023, but there was no answer at the door. *See id.* at 4. Smith alleges "that the windows have paper on them," and he could "hear a dog in the backyard and in the house barking." *Id.*

- He attempted service at 5827 Windsong Drive, Tooele, UT 84074 on December 18, 2023, but there was no answer at the door. *Id.* Smith waited one hour and "observed lights were on" and "could hear voices

inside." Smith confirmed with the next-door neighbor that the Ferrells live at the residence, but "hardly come outside" and the neighbor "hardly see them." *Id.* Smith alleges that the Ferrells "have a doorbell camera but… never answer it." *Id.*

Smith also states that "I believe the most reasonable, effective way to give said Defendant actual notice of this suit is to deliver a copy of said documents to anyone over the age of sixteen (16), or by affixing it to the front door at the defendant's usual place of abode, 5827 Windsong Drive, Tooele, UT 84074." *Id.* at 3.

U.S. Bank's affidavit meets the requirements of Texas Rule of Civil Procedure 106.

The notarized affidavit both alleges that the address served is defendant's "usual place of abode" and details the attempts at service at the location listed and how they have been unsuccessful, meeting the requirements of Texas Rule of Civil Procedure 106. *See* TEX. R. CIV. P. 106(b).

And Smith's affidavit provides additional evidence that the address is Ferrell's usual place of abode or place where Ferrell can probably be found, as he confirmed with the neighbor that the Ferrells reside at the address. *See Pharmerica, Inc. v. DSJ Healthcare, Inc.*, No. 4:99-CV-242, 2010 WL 4962974, at *4 (E.D. Tex. Oct. 22, 2010) ("Use of the exact phrase 'usual place of business' is not required as long as the affidavit contains other information indicating Defendants' usual place of business or that the location named in the affidavit is a place where Defendants can probably be found."), *rep. & rec. adopted*, 2010 WL 4955724 (E.D. Tex. Dec. 1, 2010).

The Courts finds that effecting service on Ferrell through leaving the required documents taped to the door of Ferrell's residence or leaving a copy of the same with

someone over sixteen years of age at the residence would be reasonably effective to give Ferrell notice of the suit. *See Heras v. Rapid Tax, Inc.*, No. 5:13-CV-498-DAE, 2014 WL 2481629, at *3 (W.D. Tex. June 3, 2014) (authorizing substituted service by leaving a copy of the required documents with anyone over sixteen years of age at the residence or affixing the required documents to the front door of the residence).

## Conclusion

The Court GRANTS Plaintiff's Motion for Substituted Service on Defendant Jennifer Jo Ferrell [Dkt. No. 12] and orders substituted service through leaving the required documents with someone over sixteen years of age at 5827 Windsong Drive, Tooele, UT 84074 or posting the required documents to the front door of 5827 Windsong Drive, Tooele, UT 84074.

SO ORDERED.

DATED: March 25, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE